**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| *In re* **Kimbell Art Museum,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | **Misc. Case No. _____** |
| | § | |
| | § | |
| | § | |
| | § | |

**BRIEF IN SUPPORT OF MOTION TO QUASH THIRD-PARTY SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Petitioner Kimbell Art Museum ("Kimbell") files this Motion to Quash and for Protective Order, and would respectfully show the Court as follows:

## I. INTRODUCTION

Counsel for Paul Philippe of Romania, on behalf of the ESTATE OF KING CAROL II OF ROMANIA ("Paul Philippe") signed and served a third-party Subpoena Duces Tecum on Kimbell in *Paul Philippe, v Christie's Inc.*, No. 1:25-cv-1151-LLS, a civil action pending in the Southern District of New York (hereinafter, the "Underlying Suit") with a compliance date of April 22, 2026. Exhibit A. The Underlying Suit "is a replevin action against the auction house Christie's for recovery of stolen artwork, *Saint Sébastien* by Spanish Renaissance "Old Master" Doménikos Theotokópoulos, widely known as El Greco." *Paul Philippe, v Christie's Inc.*, No. 1:25-cv-1151-LLS, ECF No. 1 at 1 (attached hereto as Exhibit B). Paul Philippe alleges that his Uncle Michael, "the puppet king," improperly sold *Saint Sébastien* to Wildenstein & Co. in 1977. *Id.* 7–8. Wildenstein & Co. then allegedly sold *Saint Sébastien* to an unknown buyer. *Id.* at 2. In February 2025, *Saint Sébastien* resurfaced in New York as one of the "Old Master" paintings to be sold at

1

auction by Christie's. *Id.* Thus, Paul Philippe filed the Underlying Suit seeking to stop the sale and assert his ownership in *Saint Sébastien*. *Id.* at 19.

On March 23, 2026, counsel for Paul Philippe served the Subpoena on Kimbell seeking a deposition and the production of documents. *See* Exhibit A. The Subpoena is improper and constitutes nothing more than a fishing expedition by Paul Philippe to obtain discovery that is wholly irrelevant to the Underlying Case. Counsel for Kimbell conferred with counsel for Paul Philippe on April 10, 2026, and was unable to reach an agreement on the withdrawal or narrowing of the Subpoena.

## II.    VENUE

Rule 45(d)(1) provides that "the court for the district where compliance [with a subpoena] is required must enforce [the duty to avoid undue burden or expense] and impose an appropriate sanction . . . on a party or attorney who fails to comply." Because Kimbell is located and headquartered in Fort Worth, Texas, the "place where compliance" is required is Fort Worth. Thus, this Court, the Fort Worth Division of the United States District Court for the Northern District of Texas, is the appropriate forum to consider Kimbell's Motion to Quash and for Protection detailed below.

## III.    LEGAL STANDARD

Rule 45 requires that parties "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." FED. R. CIV. P. 45(d)(1). A court must quash a subpoena if it finds that a subpoena presents an undue burden when the subpoena is facially overbroad. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Additionally, a court must quash or modify a subpoena that "fails to allow a reasonable time to comply," "subjects a person to undue burden," or "requires disclosure of privileged or other protected

2

matter." FED. R. CIV. P. 45(d)(3)(A)(iii)–(iv). And non-party status entitles a subpoenaed person to special consideration of "the expense and inconvenience." *Wiwa*, 392 F.3d at 818. Discovery under Rule 45 is further limited by Rule 26(b)(1), which confines discovery to matters "relevant to any party's claim or defense" and "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A subpoena that seeks discovery not permitted under Rule 26(b)(1) is improper and must be quashed. *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D. Tex. 2015).

Rule 26(c) separately authorizes a protective order to shield any person from "annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery, limiting its scope, or prescribing conditions for disclosure. FED. R. CIV. P. 26(c)(1); *Whole Woman's Health v. Smith*, 896 F.3d 362, 372–73 (5th Cir. 2018). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990).

A court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). Further, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, . . . (ii) can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

### III.    ARGUMENTS AND AUTHORITIES

The Subpoena issued by Paul Philippe has no rational relationship to the Underlying Suit and is simply a fishing expedition. The Underlying Suit is a "replevin action against the auction house Christie's for recovery of stolen artwork, *Saint Sébastien,*" in which Paul Philippe seeks: (1) a writ of replevin directing the Marshal to seize and impound *Saint Sébastien*; (2) an injunction preventing *Saint Sébastien* from being moved out of New York; and (3) information from Christie's regarding the current owner of *Saint Sébastien*. *Paul Philippe, v Christie's Inc.*, No. 1:25-cv-1151-LLS, ECF No. 1 at 1, 19. The deposition topics and request for production to Kimbell seek the following:

**Attachment A**
**(Subpoena to The Kimbell Art Museum)**

**Matters for which testimony will be given:[1]**

1. The acquisition by the Kimbell Art Museum (the "Museum") of the painting *Canon Bosio*, also known as *Portrait of Dr. Francisco de Pisa*, by El Greco (the "Painting").
2. The circumstances under which the Painting was acquired, including the correspondence or other documents concerning the acquisition of the Painting.
3. Whether the Museum considered acquiring, or was offered for acquisition, the painting *Saint Sébastien* (1600) by El Greco.
4. Whether the Museum considered acquiring, or was offered for acquisition, any of the paintings identified on Annex 1 (the "Stolen Paintings").
5. The due diligence, if any, conducted by the Museum in connection with its acquisition of the Painting.
6. The Painting's provenance, including the circumstances of how the Museum determined the Painting's provenance, including representations made by third parties as to the Painting's provenance and the Museum's due diligence in evaluating the accuracy of such representations.
7. The Museum's decision or decisions to revise the Painting's provenance and the circumstances under which such decisions were made.
8. Correspondence or other documents concerning the Museum's decision or decisions to revise the Painting's provenance and the circumstances under which such decisions were made.
9. The due diligence, if any, conducted by the Museum in connection with any of the Stolen Paintings.
10. The current location of any of the Stolen Paintings and the identity of the parties currently in possession or control of any of the Stolen Paintings.
11. Claims of ownership of the Painting communicated to the Museum, including litigation concerning the ownership of the Painting.
12. Correspondence, pleadings, or other documents concerning claims of ownership of the Painting communicated to the Museum, including litigation concerning the ownership of the Painting.
13. The Museum's decision or decisions to allow the Painting to be a part of any exhibition held outside of the Museum's facilities in Texas, including but not limited to the Painting's inclusion in the exhibition *El Greco of Toledo* at the Prado and other museums in the 1980s.
14. Correspondence and other documents concerning the Museum's decision or decisions to allow the Painting to be a part of any exhibition held outside of the Museum's facilities in Texas, including but not limited to the Painting's inclusion in the exhibition *El Greco of Toledo* at the Prado and other museums in the 1980s.

---

[1] The uniform definitions in discovery requests set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York apply to these requests.

**Attachment B**
**(Subpoena to The Kimbell Art Museum)**

**Requests for Documents:[1]**

1. Documents concerning the acquisition by the Kimbell Art Museum (the "Museum") of the painting *Canon Bosio*, also known as *Portrait of Dr. Francisco de Pisa*, by El Greco (the "Painting").
2. Documents concerning the painting *Saint Sébastien* (1600) by El Greco, including correspondence and other documents, if any, concerning the Museum's consideration of acquiring that painting or any offers to purchase that painting made to the Museum.
3. Documents concerning any of the paintings identified on Annex 1 (the "Stolen Paintings"), including correspondence and other documents, if any, concerning the Museum's consideration of acquiring any of the Stolen Painting or any offers to purchase any of the Stolen Paintings made to the Museum.
4. Documents concerning the due diligence, if any, conducted by the Museum in connection with its acquisition of the Painting.
5. Documents concerning the Painting's provenance, including the circumstances of how the Museum determined the Painting's provenance, including representations made by third parties as to the Painting's provenance and the Museum's due diligence in evaluating the accuracy of such representations.
6. Documents concerning the Museum's decision or decisions to revise the Painting's provenance and the circumstances under which such decisions were made.
7. Documents concerning the due diligence, if any, conducted by the Museum in connection with any of the Stolen Paintings.
8. Documents concerning the current location of any of the Stolen Paintings and the identity of the parties currently in possession or control of any of the Stolen Paintings.
9. Documents concerning claims of ownership of the Painting communicated to the Museum, including litigation concerning the ownership of the Painting.
10. Documents concerning the Museum's decision or decisions to allow the Painting to be a part of any exhibition held outside of the Museum's facilities in Texas, including but not limited to the Painting's inclusion in the exhibition *El Greco of Toledo* at the Prado and other museums in the 1980s.

Exhibit A at 4–5.

The Subpoena has no relevance to the Underlying Suit and is nothing more than an improper attempt to obtain pre-suit discovery against Kimbell on a completely different matter. Paul Philippe's counsel is trolling for another suit, and his subpoena should be quashed.

**A.  The Subpoena Seeks Discovery that is Irrelevant to the Underlying Suit**

For a third-party subpoena to be proper, it must, among many other things, seek information that is relevant to the lawsuit in which the subpoena was issued. *See MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-0444 RP, 2021 WL 860002, at *1 (W.D. Tex. Mar. 8, 2021) (citing *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 820-21 (5th Cir. 2004). The scope of discovery allowed under Rule 45 is limited by "the relevancy requirement" of Rule 26(b)(1). *Jordan v.*

*Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). Thus, the documents and information sought in a subpoena "must be 'relevant to any party's claim or defense.'" Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019) (quoting FED. R. CIV. P. 26(b)(1)). Under Rule 26(b)(1), "information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). Although "relevance" is "construed . . . broadly," *Coughlin*, 946 F.2d at 1159, "Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quoting *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010)).

As discussed above, the Underlying Suit revolves around the ownership of one painting, *Saint Sébastien*. The Subpoena at issue here has ***nothing*** to do with that dispute. Of the fourteen (14) deposition topics, thirteen (13) of the topics focus on paintings not at issue in the Underlying Suit. Exhibit A at 4. And of the ten (10) requests for production, nine (9) focus on paintings not at issue in the Underlying Suit. *Id.* at 5.

The only deposition topic related to *Saint Sébastien*, which again is the only painting at issue in the Underlying Suit, asks "[w]hether [Kimbell] considered acquiring, or was offered for acquisition, the painting *Saint Sébastien* (1600) by El Greco." *Id.* at 4. And the only request for production related to *Saint Sébastien*, requests "[d]ocuments concerning the painting *Saint Sébastien* (1600) by El Greco, including correspondence and other documents, if any, concerning [Kimbell's] consideration of acquiring the painting or any offers to purchase that painting made to [Kimbell]." *Id.* at 5. While those requests mention *Saint Sébastien*, they are still irrelevant to the Underlying Suit as Kimbell does not now and has not ever owned *Saint Sébastien.* Whether

6

Kimbell considered purchasing *Saint Sébastien* forty-nine years ago, in 1977, has nothing to do with who the rightful owner of the painting is today.

In reality, what Paul Philippe is seeking with the Subpoena is improper pre-suit discovery. What is evident by the deposition topics and requests for production is that Paul Philippe wishes to obtain information from the Kimbell about a painting not at issue in the Underlying Suit, *Portrait of Dr. Francisco de Pisa*. The Kimbell's ownership of *Portrait of Dr. Francisco de Pisa* has no bearing on the ownership of *Saint Sébastien.* And the Subpoena is nothing but a thinly veiled attempt by Paul Philippe to try to set up a claim regarding the ownership of *Portrait of Dr. Francisco de Pisa*. An ownership that Kimbell has already successfully defended in federal court. *See Romania v. Kimbell Art Foundation*, Civil Action No. 84-176K (N.D. Tex. 1984) (dismissed with prejudice).

A subpoena that seeks discovery not permitted under Rule 26(b)(1) (i.e., discovery that is not "relevant to any party's claim or defense") is improper and must be quashed. *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. at 44. Consequently, Kimbell respectfully requests that the Court quash the Subpoena as it seeks information which is unrelated to the Underlying Suit and is improper pre-suit discovery. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) ("a party may no[t] use third-party discovery to develop new claims or defenses that are not already identified in the pleadings . . ."); *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) ("[d]iscovery is not a license for the [parties] to 'go fishing'").

## B.  Protective Order

In the event the Court is not inclined to quash the Subpoena in its entirety, Kimbell respectfully requests that the Court enter a protective order which vastly limits the scope and breadth of the Subpoena. Rule 26(c) authorizes a protective order to shield any person from

"annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery, limiting its scope, or prescribing conditions for disclosure. FED. R. CIV. P. 26(c)(1); *Smith*, 896 F.3d at 372–73 (5th Cir. 2018). A court has broad discretion in determining whether to grant a motion for a protective order. *See Harris*, 768 F.2d at 684. Further, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). As discussed above, discovery not "relevant to any party's claim or defense" is improper under Rule 26(b)(1). *See* FED. R. CIV. P. 26(b)(1).

In this case, for the reasons set forth above, the Subpoena presents nothing less than an improper fishing expedition that is wholly unrelated to the Underlying Suit. Thus, if the Court is not inclined to quash the Subpoena in its entirety, it should limit the Subpoena to just the deposition topic and request for production related to *Saint Sébastien*—the only painting at issue in the Underlying Suit.

### III. CONCLUSION

For the reasons set forth above, Kimbell respectfully requests that the Court quash the Subpoena, or in the alternative, issue a protective order limiting the Subpoena. Additionally, Kimbell requests that the Court award it reasonable and necessary attorneys' fees incurred in preparing this Motion, and all other and further relief to which it is justly entitled, whether in law or equity.

Respectfully submitted,

*/s/ John R. Gillett*
Dee Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
John R. Gillett
State Bar No. 24136859
john.gillett@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2000
Fort Worth, Texas 76102
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9280

**ATTORNEYS FOR KIMBELL ART MUSEUM**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Paul Philippe on compliance with the Subpoena on April 10, 2026.  No agreements could be reached, and therefore, the Motion is presented to the Court for consideration.

*/s/ John R. Gillett*
John R. Gillett

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I served the above and foregoing document via email on the lead attorneys of record in the Underlying Case.

*/s/ John R. Gillett*
John R. Gillett